IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VON LESTER TAYLOR,<br><br>    Petitioner,<br><br>vs.<br><br>STEVEN TURLEY, Warden of the Utah State Prison,<br><br>    Respondent. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:07-CV-194-TC |

On November 16, 2009, the court, in a written order, denied Respondent's motion to lift the Rhines stay imposed by this court. The decision was not a final appealable decision. Now Respondent, through counsel, moves the court to certify the order under 28 U.S.C. § 1292(b), which certification would permit Respondent to appeal the court's interlocutory (non-final) decision.

Title 28 of the United States Code addresses the court of appeals' limited appellate jurisdiction over interlocutory decisions. Respondent relies on a subpart of 28 U.S.C. § 1292, which sets forth an exception to the general rule that interlocutory decisions are not appealable:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added). The decision to grant certification lies within the sound

discretion of the district court.  See id.

The court finds that Respondent has not met his burden of showing that the court's November 16, 2009 Order presents a controlling question of law as to which there is substantial ground for difference of opinion.  The portion of the case upon which he relies to support his request for lifting of the *Rhines* stay—Gardner v. Galetka, 568 F.3d 862, 884 (10th Cir. 2009)—is dictum (stating that "we need not resolve this question").  Furthermore, Respondent's citations to Gardner v. Galetka and Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), do not support his conclusion that this court must go forward with Petitioner's federal claims despite Petitioner's continuing effort to exhaust remedies in the Utah state courts.  Although an intermediate state court has issued a decision, Petitioner has appealed to the state's court of last resort, the Utah Supreme Court.  Until Petitioner's remedies are fully exhausted, this court will not lift the *Rhines* stay and proceed on claims that Respondent prematurely contends are procedurally barred in federal court.

Although the Respondent disagrees with the court's interpretation of the matter, that is not sufficient.  "A party's strong disagreement with the court's ruling is not sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make some greater showing."  Hansen v. Schubert, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006); see also First Am. Corp. v. Al-Nahyan, 948 F. Supp. 1107, 1116 (D.D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal.").

**ORDER**

For the foregoing reasons, Respondent's Motion to Amend Order Denying Motion to Reconsider *Rhines* Stay (Docket No. 62) is DENIED.

DATED this 12th day of January, 2010.

BY THE COURT:

TENA CAMPBELL
Chief Judge