Brian M. Pomerantz (NY Bar #4141024)
6351 Owensmouth Avenue, Suite 203
Woodland Hills, CA 91367
Telephone:  (323) 630-0049
habeas@protonmail.com

Kenneth F. Murray (OH Bar #2519; AZ Bar #33090)
316 East Mitchell Drive
Phoenix, AZ  85012
Telephone:  (602) 684-7391
kfmurray2013@gmail.com

Attorneys for Petitioner
VON LESTER TAYLOR

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| VON LESTER TAYLOR,<br><br>Petitioner,<br><br>v.<br><br>SCOTT CROWTHER, Warden, Utah State Prison<br><br>Respondent. | Case No. 2:07-CV-194-TC-DBP<br>Judge Tena Campbell<br><br>**DEATH PENALTY CASE**<br><br>**PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION FOR SCHEDULING ORDER** |

Petitioner Von Lester Taylor ("Mr. Taylor") opposes Respondent's Motion for Scheduling Order because it proposes a schedule which Petitioner simply cannot meet.

This Court ordered the parties to meet and confer on this matter (Dkt. No. 324), but Respondent merely sent one email to Petitioner proposing a schedule that was beneficial to Respondent before filing the Motion at issue. As stated in the State's Motion, Petitioner responded to the email with an email expressing an intent to further meet and confer after an expert had been hired. Respondent then filed their Motion rather than taking part in a legitimate meet and confer process. *See Robin v. Weeks Marine*, No. 17-1539, 2017 U.S. Dist. LEXIS 122360, at *8 (E.D. La. Aug. 3, 2017) ("the Court finds that the parties made insufficient efforts to meet and confer prior to bringing this motion to the Court's attention. The only thing Mr. Robin's counsel has pointed to is e-mail correspondence demanding responses. A good faith attempt to meet and confer typically requires an in person meeting or a telephone call."). As a result of Respondent's failure to engage in a proper meet and confer process, Mr. Taylor once again finds himself dragged into litigation that wastes judicial resources in the form of both the Court's time and money.

Respondent complains that Mr. Taylor's expert disclosure will not comply with the mandates of Federal Rule of Civil Procedure 26, but Rule 26 is not mandatory in this proceeding. Were Rule 26 mandatory, there would have been no cause for this Court to order, "the parties [ ] to confer and amend the pre-hearing deadlines affected by this order." (Dkt. No. 324.) The Federal Rules of Civil Procedure are useful guidance tools in a habeas proceeding, but this is a quasi-civil proceeding, not a

1

traditional civil one.  Moreover, a court may always issue orders setting a schedule different from that proposed by Rule 26.

But beyond all those factors, Respondent fronts to this Court a staunch belief that Rule 26 must be followed, but the State's actions belie that notion.  Respondent's email to Petitioner "suggested 45 days for [Respondent's] rebuttal expert reports because, since we opposed the continuance, we don't think it is fair to force our experts to have to work over the Christmas and New Years [*sic*] holidays in order to complete their reports within 30 days."  While Respondent evidently realized how bad it would look to file a motion demanding strict adherence to Rule 26, while seeking an exception for Respondent, his willingness to adjust the Rule to benefit Respondent is indicated by the email to Petitioner.

Unfortunately, there are certain elements of time, process, and scheduling that combine to create a situation where something has to give in order to proceed on March 19, 2018.  One of those things is Respondent's desire to obtain the expert ballistics report by December 19, 2017.  As stated in Mr. Taylor's pre-meet and confer email response to Respondent, Mr. Taylor will have a better idea regarding definitive dates once the expert is hired and will propose a schedule to Respondent at that time.

DATED: November 3, 2017                    Respectfully submitted,

                                        By:    */S/  Brian M. Pomerantz*
                                               BRIAN M. POMERANTZ
                                               KENNETH F. MURRAY

                                               Attorneys for Petitioner
                                               Von Lester Taylor

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2017, I electronically filed the foregoing document described as **Petitioner's Opposition to Respondent's Motion for Scheduling Order** with the Clerk of the Court using the CM/ECF system which sent notice of said filing to:

Andrew F. Peterson
Utah Attorney General's Office
(160-6-appeals)
Appeals Division
160 E 300 S 6TH FL
Salt Lake City, UT 84114-0854

Erin Riley
Utah Attorney General's Office
(160-6-140854)
160 E 300 S 6TH FLOOR
PO Box 140854
Salt Lake City, UT 84114-0854

Kevin L. Bolander
Utah Attorney General'

s Office
4501 S 2700 W
Salt Lake City, UT 84114

Marcus R. Yockey
Utah Department of Public Safety
Legal Counsel
4501 S 2700 W
Box 141775
Salt Lake City, UT 84114-1775

            */S/ Brian M. Pomerantz*
            Brian M. Pomerantz