IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VON LESTER TAYLOR,<br><br>       Petitioner,<br><br>  v.<br><br>SCOTT CROWTHER, Warden, Utah State Prison,<br><br>       Respondent. | RULING & ORDER<br><br>Case No. 2:07-cv-00194-TC-DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

## I.    INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (ECF No. 274). The matter is before the Court on Respondent's "Motion for Scheduling Order" requesting the Court enter a schedule for expert discovery. (ECF No. 327.) Petitioner opposes the motion. (ECF No. 329). Respondent filed a reply. (ECF No. 330). The Court did not hear oral argument.

## II.    ANALYSIS

During an October 10, 2017, hearing, the undersigned instructed the parties to meet and confer regarding a proposed pre-hearing schedule. (ECF No. 325). Judge Campbell reiterated the Court's instruction in a written order issued the following day. (ECF No. 324). Despite the Court's wishes, the parties have apparently been unable reach an agreement, and Petitioner did not even provide any estimate for a proposed schedule. Because the Court concludes the parties have not meaningfully complied with its instruction to meet and confer, the court will order the parties to make renewed efforts to reach an agreement.

The parties' briefing indicates Respondent's counsel sent a single email to Petitioner's counsel on October 25 proposing a schedule. Petitioner responded sometime thereafter with an

email indicating the schedule was unworkable and asking to meet and confer "after an expert had been hired." (ECF No. 329). Petitioner states his "desire" is to obtain an expert ballistics report by December 19, 2017. (*Id.*) The Court finds these efforts, from both parties, insufficient.

First, the Court finds Petitioner's refusal to meet and confer prior to December 19 unreasonable, particularly in the absence of any proffered reason for the delay. Petitioner's pace and cryptic tone do not comply with the Court's order to meet and confer.

Second, the Court finds Respondent's effort to meet and confer inadequate. The Court can conceive only of rare and extraordinary circumstances under which a single email to counsel could serve as an adequate effort to meet and confer. The present circumstances do not justify such an approach.

Accordingly, the court will order the parties to again meet and confer. To eliminate confusion, the Court orders this conference take place before November 17 and include at least one teleconference, though the court encourages the parties to engage in additional correspondence to narrow the issues for the telephone conference. Further, Petitioner must be prepared to discuss any reason for the delay in hiring an expert and providing a report.

### III.  ORDER

Based on the foregoing, the court **DENIES** Respondent's "Motion for Scheduling Order" without prejudice (ECF No.327). The parties are instructed to make renewed efforts to meet and confer via telephone no later than November 17, 2017. Petitioner's counsel must be prepared to discuss his expected timeframe for hiring an expert and producing an expert report.

Dated this 13th day of November 2017.      By the Court:

_____
Dustin B. Pead
United States Magistrate Judge