```
              IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF UTAH

                     CENTRAL DIVISION


In re:                        )
                              )
VON LESTER TAYLOR,            )
                              )
        Plaintiff,            )
                              )
vs.                           )  Case No. 2:07-CV-00194
                              )
SCOTT CROWTHER, et al,        )
                              )
        Defendants.           )
                              )
_____       )
```

BEFORE THE HONORABLE DUSTIN PEAD

October 5, 2017

Transcript of Electronically Recorded Motion Hearing

Laura W. Robinson, RPR, FCRR, CSR, CP
351 South West Temple
8.430 U.S. Courthouse
Salt Lake City, Utah 84101
(801)328-4800

**Appearances of Counsel:**

| | |
|---|---|
| For the Petitioner: | Brian M. Pomerantz<br>Attorney at Law<br>6351 Owensmouth Avenue<br>Suite 203<br>Woodland Hills, California 91367<br><br>Ken Murray<br>Attorney at Law<br>316 E. Mitchell Drive<br>Phoenix, Arizona 85012 |
| For the Respondents: | Erin Riley<br>Andrew F. Peterson<br>Attorneys at Law<br>Utah Attorney General's Office<br>160 East 300 South<br>Sixth Floor<br>Salt Lake City, Utah 84114 |

|  |  |
|---|---|
| 1 | **Salt Lake City, Utah October 5, 2017** |
| 2 | **\* \* \* \* \*** |
| 3 | THE COURT: Good afternoon, everyone. My name is |
| 4 | Dustin Pead, a magistrate judge, referral judge, |
| 5 | 2:07-CV-194, *Taylor versus Crowther*. |
| 6 | Would counsel please make their appearance? |
| 7 | Mr. Pomerantz starting with you as petitioner. |
| 8 | MR. POMERANTZ: Good afternoon, Your Honor, Brian |
| 9 | Pomerantz on behalf of petitioner Von Taylor. |
| 10 | MR. MURRAY: And Ken Murray as well, Your Honor. |
| 11 | THE COURT: Thank you, gentlemen. And for the state. |
| 12 | MS. RILEY: Erin Riley and Andrew Peterson from the |
| 13 | Attorney General's Office for the respondent. |
| 14 | THE COURT: Thank you. Ms. Riley, are you going to |
| 15 | speak today? |
| 16 | MS. RILEY: I am, yes. |
| 17 | THE COURT: I want to first, before we address the |
| 18 | motion to continue, indicate that I have had an opportunity |
| 19 | to communicate with Mr. Pomerantz and Mr. Murray about some |
| 20 | issues I would like to ask Mr. Pomerantz to state how he |
| 21 | views the current motion and any requests he might make in |
| 22 | this regard. Mr. Pomerantz? |
| 23 | MR. POMERANTZ: We are requesting that the motion to |
| 24 | continue be stayed on consideration until Monday, and that |
| 25 | the discovery deadlines be moved back to Wednesday, if |

1       necessary.
2            THE COURT:  Um, Mr. Pomerantz, is it fair to say that
3       you're still -- you're -- it's a fluid motion, you're
4       considering whether you can go forward in earnestness with
5       the already existing evidentiary hearing set for November.
6            MR. POMERANTZ:  We are.
7            THE COURT:  And Ms. Riley, they're saying look, we may
8       need just a few more days to examine some situations that
9       are going on to see how we want to move forward.  It would
10      require, if I adopt their proposal, pushing some dates.  It
11      would be pushing the things that are due on Friday and
12      Saturday to next Wednesday, and then they would have to
13      alert me and you by close of business on Monday whether they
14      want to move forward in earnestness with the motion to
15      continue.  That's --
16           MS. RILEY:  So would we not be arguing anything about
17      the motion to continue today?
18           THE COURT:  Right.
19           MS. RILEY:  I guess I'm not clear why one more day
20      would change things about that.
21           THE COURT:  Well, I don't want to speak for
22      Mr. Pomerantz.  All I'm saying is that it's a fluid
23      situation and they're trying to balance competing interests
24      versus going forward with the hearing versus the ability to
25      move forward with what they have.  Mr. Pomerantz, would you

4

1    like to add anything to the record in that regard?

2         MR. POMERANTZ:  We are trying to assess, based on the

3    information we have, whether the continuance is necessary or

4    not and we have not had time to digest all of the

5    information that we received over the last two days in the

6    deposition yet.  So we're looking for time to digest that

7    information to figure out whether it is necessary for us to

8    continue this hearing or not.

9         THE COURT:  My stated preference was that we could

10   address this while they were in town so we could have an

11   opportunity to go on a back and forth rather than a

12   telephonic hearing.  But I also have some interest in moving

13   forward with the evidentiary hearing at least for Judge

14   Campbell if we can do that.  Um, so I think they tried to

15   balance the desire from my end to make sure that we're

16   addressing any motion to continue as quickly as possible,

17   but I don't want to prematurely conclude that it should or

18   must be continued unless they believe that it should.  And

19   they're indicating that they would like a little more time

20   to do that.

21        MS. RILEY:  Um, I guess I have two concerns, Your

22   Honor.  First is we are opposing the motion to continue in

23   general at all and so our position is that we would prefer

24   to go ahead and argue and argue why it shouldn't be granted

25   no matter what, you know, whatever they come up with.

```
 1              And then the second thing is, um, if it is stayed
 2    until Monday, is that then going to be a telephonic argument
 3    are you saying?
 4              THE COURT:  Yes, it would be set on Tuesday for
 5    telephonic.
 6              MS. RILEY:  So I, you know, I understand this is
 7    totally up to the court and at your discretion.  Our
 8    position is we would prefer to go ahead and argue today and
 9    argue our position that there is not a basis for the
10    continuance at all.  Um, that would be our preference.
11              THE COURT:  I think that is a very reasonable
12    position.  I'm going to go ahead and hold that decision in
13    abeyance.  We'll set it over.  I'm going to ask you to alert
14    the court and Ms. Riley and Mr. Peterson by no later than
15    4:00 p.m. mountain time in terms of whether you are moving
16    forward with the motion to continue in earnest.
17              If there is a determination that the motion they want
18    to proceed with the motion, we will do our very best to
19    reach out to you all immediately and try to get a hearing
20    set for Tuesday.  I'll be conducting that hearing and we
21    will go from there.
22              Meanwhile, there are deadlines for things that need to
23    be turned over, motions in limine, exhibit and witness lists
24    are due on Saturday, I believe.  Is that correct,
25    Mr. Pomerantz?
```

1    MR. POMERANTZ: Motions in limine are due tomorrow,
2    the exhibit and witness lists are due on Saturday, Your
3    Honor.
4    THE COURT: What else is due over the weekend,
5    Ms. Riley? Is there anything else?
6    MS. RILEY: Transcripts of prior depositions that any
7    party might anticipate presenting.
8    MR. POMERANTZ: She is correct, Your Honor,
9    designation of transcripts.
10   THE COURT: And what I would like to do is we're going
11   to set all of those in abeyance and those will be -- the
12   deadlines for those will all be collectively on Wednesday,
13   close of business by Wednesday. Of course, that's subject
14   to (A) whether they want to move forward on a motion to
15   continue, and (B) whether it is granted.
16   Assuming they do not want to move forward, or I deny
17   the motion to continue, that will be the new date for those
18   matters to be turned over.
19   Mr. Pomerantz, anything else we need to address? The
20   is one other matter. Mr. Pomerantz, why don't you go ahead
21   and address the second matter as best you can, please.
22   MR. POMERANTZ: We are -- we would like to, Your
23   Honor, withdraw Mr. Wong's expert report and redesignate him
24   as a consultant rather than as an expert witness.
25   THE COURT: So, Ms. Riley, um, there is a notice that

1    Mr. Pomerantz is making at this point.  I am not prepared to
2    discuss in detail some of the issues relating to that
3    designation -- re-designation but they're withdrawing the
4    report and considering him as a consultant, non-expert.
5         MS. RILEY:  And that is, of course, a problem for us
6    because our experts are rebuttal witnesses and so part of
7    what they have done -- they have done is look at their
8    expert's reports when they proceed with their reports.
9         MR. PETERSON:  They have to designate new experts --
10        MS. RILEY:  Right.  So it's almost like we're going to
11   be starting all over.  If they're going to be designating a
12   new expert, then our experts are going to have to be looking
13   at it again.
14        THE COURT:  Well, I guess that's the whole point.  We
15   don't know if they're designating new experts or seeking to
16   designate new experts.  That's the whole basis for holding
17   the motion to continue in abeyance.  So believe me I read
18   you loud and clear this -- this is some potential problems.
19   That's why on balance I would rather we wait until Monday,
20   see what they want to do in earnestness and then we will
21   have to go forward from there.
22        MS. RILEY:  Will you be filing a written motion to
23   withdraw his -- withdraw him as an expert?
24        THE COURT:  Do you think that would be necessary?
25        MS. RILEY:  Well, I guess I'm not sure what they're

8

1 anticipating by only calling him as a consultant. Does that
2 then anticipate --
3      THE COURT: He is not then being called.
4      MS. RILEY: That our expert can't refer to or discuss
5 or mention Mr. Wong's report? I mean I have some questions
6 about what that means.
7      THE COURT: Mr. Pomerantz, is it fair to say the
8 report is not going to be used at all by Mr. Taylor nor is
9 he going to be called as a witness in the proceeding. Fair
10 enough?
11      MR. POMERANTZ: Give me one moment, Your Honor.
12      THE COURT: Yes.
13      MR. POMERANTZ: Um, correct, Your Honor. We would not
14 be presenting the report, we would not be referring to the
15 report in the hearing and Mr. Wong would not be testifying
16 at the hearing. That's the purpose of, as you said,
17 re-designating him as a consultant. He will not appear at
18 the hearing at all.
19      THE COURT: So in terms of the rebuttal to Dr. Wong
20 there is just no utility for it, the report is no longer
21 part of the record in the hearing.
22      MS. RILEY: Right. My concern is that by doing this
23 today, withdrawing Mr. Wong's report, then they're putting
24 themselves in a position where there is no expert. And I
25 assume if they choose to go forward with the motion to

1    continue the evidentiary hearing they're going to cite that
2    as a basis for why they need a continuance.  It seems to me
3    that they're, you know, that that is an issue there.  If we
4    go forward with the evidentiary hearing then they have no
5    firearms ballistic report or expert at all.
6         THE COURT:  That's correct, um, and I am going to have
7    to balance all of those things when we get to -- if we get
8    to a motion to continue and um -- um, there are some matters
9    that the court is not prepared to discuss that have impacted
10   that decision here today which I'm not going to address, but
11   it puts you in an awfully difficult position I understand
12   everyone where you're coming from, but I think this is the
13   best way to move forward amongst a lot of imperfect options.
14        So that's about as specific as I'm willing to get and
15   I know that's not much.  So let's hold it in abeyance until
16   Monday and then we will move quickly from there.
17        Mr. Pomerantz, anything else from you?
18        MR. POMERANTZ:  No, Your Honor.  Thank you for your
19   time.
20        THE COURT:  Ms. Riley, anything else from you?
21        MS. RILEY:  Nothing today.  Thank you, Your Honor.
22        THE COURT:  Thank you.  The hearing is concluded.
23        (Whereupon, the hearing concluded.)

```
 1                    REPORTER'S CERTIFICATION
 2
 3           I hereby certify that the foregoing transcript
 4      was taken from a tape recording stenographically to the best
 5      of my ability to hear and understand said tape recording,
 6      that my said stenographic notes were thereafter transcribed
 7      into typewriting at my direction.
 8              Dated this 21st of November, 2017.
 9
10
11                         _____
12                             Laura W. Robinson
13
14
15
16
17
18
19
20
21
22
23
24
25
```