ANDREW PETERSON (10074)
ERIN RILEY (8375)
Assistant Solicitors General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
P.O. Box 140854
Salt Lake City, Utah 84114-0854
Telephone: (801) 366-0180
andrewpeterson@agutah.gov
eriley@agutah.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VON LESTER TAYLOR,<br><br>Petitioner,<br><br>v.<br><br>LARRY BENZON, Warden,<br><br>Respondent. | RESPONDENT'S OBJECTIONS TO PETITIONER TAYLOR'S WITNESS LIST<br><br>Case No. 02:07-CV-00194 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

On February 17, 2018, Petitioner Taylor filed his PETITIONER'S WITNESS LIST (Doc. 347). Taylor has listed thirteen (13) witnesses. Respondent hereby objects to witnesses (3) Michael Brookey; (7) Sarah Harlow; and (11) Rudi Riet.

Respondent objects to Taylor calling (3) Michael Brookey as a witness at this evidentiary hearing because Taylor has not provided Respondent with an address or telephone number for Mr. Brookey. In his witness list, Taylor admitted that Mr. Brookey's

address and phone number are currently unknown to him and that he has not yet located this witness. Respondent has no information as to Mr. Brookey's current location or how to contact him. Taylor has not asserted what information Mr. Brookey may have or how he is in any way relevant to this evidentiary hearing.

Respondent objects to Taylor calling (7) Sarah Harlow as a witness at this evidentiary hearing because Taylor has not provided Respondent with an address or telephone number for Ms. Harlow. In his witness list, Taylor admitted that Ms. Harlow's address and phone number are currently unknown to him and that he has not yet located this witness. Respondent has no information about this witness. In fact, Respondent has no idea who this witness is, how she is related to Taylor's case, what information she may have, or whether she is in any way relevant to this evidentiary hearing.

Respondent objects to Taylor calling (11) Rudi Riet as a witness at this evidentiary hearing because Taylor has not provided Respondent with an address or telephone number for Mr. Riet. In his witness list, Taylor stated that to "protect the Witness' privacy, his information will be provided by email directly to Respondent." However, as of the close of business on March 2, 2018, Taylor has not provided that information to Respondent. Respondent has no information as to Mr. Riet's current location or how to contact him. Taylor has not asserted what information Mr. Riet may have or how he is in any way relevant to this evidentiary hearing.

This Court's scheduling order required the parties to disclose non-expert witnesses by February 17, 2018 (Doc. 342). Federal Rule of Civil Procedure 26(a)(3)(A)(i) requires that a party must provide the name, address and telephone number of each witness. Taylor has failed to provide this information as to Michael Brookey, Sarah Harlow, and Rudi Riet, making it impossible for Respondent to timely contact these people prior to the evidentiary hearing.

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to provide the information required by Rule 26(a) "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See Stewart v. Stoller*, No. 2:07-CV-00552 DB, 2013 WL 3148445, at *2-3 (D. Utah June 19, 2013) (barring Plaintiff from submitting any evidence at trial); *Amos v. W.L. Plastics, Inc.,* No. 2:07-CV-49 TS, 2010 WL 257282, at *1 (D. Utah Jan. 15, 2010) (barring plaintiff from presenting at trial witnesses and exhibits not included in pretrial disclosures).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 935, 993 (10th Cir. 1999)(quotation omitted).

Petitioner Taylor has had an extensive amount of time to discover the necessary witness information, for a hearing that was originally scheduled over one year ago (*see* Doc. 261). Only ten working days now remain before the hearing is scheduled to begin on

March 19, 2018. Taylor's failure to provide address or telephone information for his proposed witnesses Michael Brookey, Sarah Harlow, and Rudi Riet, make it impossible for Respondent to timely contact these people or to prepare for their possible testimony prior to the evidentiary hearing.

Pursuant to Rule 37(c), because Taylor has failed to disclose information required by Rule 26(a) and this Court's scheduling order, Respondent respectfully requests that Taylor be prohibited from calling Michael Brookey, Sarah Harlow, or Rudi Riet as witness at the evidentiary hearing.

Dated this 3rd day of March 2018.

SEAN D. REYES
UTAH ATTORNEY GENERAL

/s/ Erin Riley

ANDREW F. PETERSON
ERIN RILEY
Assistant Solicitors General
Attorneys for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that on 3 March 2018, I electronically filed the foregoing RESPONDENT'S OBJECTIONS TO PETITIONER TAYLOR'S WITNESS LIST with the Clerk of the Court by using the CM/ECF system which sent notification of the filing to the following:

Brian M. Pomerantz
6351 Owensmouth Avenue, Suite 203
Woodland Hills, CA  91367
habeas@protonmail.com

and

Kenneth F. Murray
316 East Mitchell Drive
Phoenix, AZ  85012
kfmurray2013@gmail.com

(attorneys for Petitioner Taylor)

Marcus R. Yockey
Assistant Attorney General
4501 South 2700 West
PO Box 141775
Salt Lake City, UT 84114
myockey@agutah.gov

(Counsel for Utah Department of Public Safety)

    /s/ Melissa Walkingstick Fryer